IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DION REYNOLDS,

      Plaintiff,

  vs.                                      CIVIL NO. 00-168 LFG/RLP

LINCOLN COUNTY, NEW MEXICO
and OTERO COUNTY, NEW MEXICO,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## OF DISMISSAL WITHOUT PREJUDICE
## AND ORDER AUTHORIZING AMENDED COMPLAINT

      THIS MATTER is before the Court on a Motion to Dismiss Claims Against Defendant Lincoln County [Doc. 9]. In accord with the district's motion practice rule, the motion, response in opposition and reply were simultaneously filed. Oral argument is not necessary. This matter may be resolved based on the parties' submissions.

      Plaintiff Dion Reynolds ("Reynolds") asserts claims arising out of violations of the United States Constitution and federally protected rights under 42 U.S.C. § 1983. Reynolds' lawsuit arises out of an arrest, detention and prosecution for drug-related offenses. However, nowhere in Reynolds' complaint does he identify any individual who is alleged to have violated his constitutional or statutory rights, nor does he allege that the violation occurred as a result of an unconstitutional implementation or execution of a municipal policy or custom. As a result, Defendant Lincoln County ("Lincoln") moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). It further moves to dismiss on the basis that Reynolds failed to name the correct party pursuant to N.M.S.A. 1978, § 4-46-1.

**Analysis**

In Monell v. Dept. of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978), the United States Supreme Court determined that *respondeat superior* may not serve as the basis for imposing Section 1983 liability. Rather, Section 1983 is specific in authorizing the assertion of claims only against a "person who, under the color of any statute, ordinance, regulation, custom or usage . . . " deprived another of his federal constitutional or statutory rights. Generally, a party who asserts a claim for relief under Section 1983 must satisfy two elements: (1) "the plaintiff must allege that some person has deprived him of a federal right," and (2) "he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923 (1980).

Here, Reynolds' complaint is deficient in that he does not identify any individual who is alleged to have violated his constitutional or federally protected rights, nor does he identify how those rights were violated.

There is a second way of obtaining relief under Section 1983. In Monell v. Department of Social Services, the Supreme Court recognized that a practice may be so persistent and wide-spread that it constitutes a "custom or usage" having the force of law, even though it has "not received formal approval through the body's official decision making channels." Id., 436 U.S. at 691.

> Congress included customs and usages [in Section 1983] because of the persistent and wide spread discriminatory practices of state officials . . . . Although not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a "custom or usage" with the force of law.

Id., 436 U.S. at 691 (1978)(quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68, 90 S. Ct. 1598, 1613 (1970)).

A practice must be "so common and well settled as to constitute a custom that fairly represents municipal policy" and "[a]ctual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority." <u>Bennett v. City of Slidell</u>, 735 F.2d 861, 862 (5th Cir. 1984). Here, nothing in Reynolds' complaint identifies any municipal liability via the "custom or usage" method of pleading and proof.

Based on the foregoing, the Court finds that Lincoln's motion to dismiss pursuant to Rule 12(b)(6) is well-taken, and, therefore, Reynolds' complaint is dismissed without prejudice.[1]

Because pleading defects may be cured, the Court will authorize Reynolds twenty days within which to serve a proper first amended complaint. Should Reynolds desire to pursue an amendment of claims, he is reminded that Fed. R. Civ. P. 17(b)(capacity to sue or be sued is determined by the law of the state in which the district court is located) requires that Reynolds look to New Mexico law for determining the propriety of parties. Here, N.M.S.A. 1978, § 4-46-1, requires claims against counties to be brought in the name of the board of county commissioners for the specific county.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
J. Robert Beauvais, Esq.

ATTORNEY FOR LINCOLN COUNTY:
Randy S. Bartell, Esq.

ATTORNEYS FOR OTERO COUNTY:
Stephen G. French, Esq.
Luis E. Robles, Esq.

---

[1] Only one Defendant, Lincoln County, New Mexico, brings this motion. However, the Court's analysis is equally true for Otero County, New Mexico. Therefore, the Court's analysis and dismissal will be as to the entirety of the complaint, including the allegations as against Otero County.

3