IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DION REYNOLDS,

        Plaintiff,

vs.                               No. CIV 00-168 LFG/RLP

BOARD OF COMMISSIONERS OF THE
COUNTY OF LINCOLN, NEW MEXICO,
BOARD OF COMMISSIONERS OF THE
COUNTY OF OTERO, NEW MEXICO,
ALEX HINSON, personally and in his capacity
as a Lincoln County Sheriff's officer, and
JOHN DOES 1-8, individually and in their
capacity as (commissioned) Lincoln County
Deputy Sheriff's officers,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant Board of County Commissioners of the County of Otero's ("Otero") Motion to Dismiss State Constitutional Claims [Doc. 24]. In accord with local rules, the motion, response, and reply were filed as a package. For the reasons given below, the Court finds that the motion is well-taken and will be granted.

**Background**

In his complaint, Plaintiff Dion Reynolds ("Reynolds") alleges that, on October 27, 1998, he was subjected to an unreasonable search and was arrested without a warrant or probable cause, was interrogated in a coercive fashion and when he refused to cooperate, he was prosecuted on drug charges which terminated in a directed verdict in his favor. He also claims that the above circumstances resulted in his wrongful incarceration for a period of 45 days.

Reynolds sues Otero and others under 42 U.S.C. § 1983. He also alleges in his complaint that the actions taken by the Defendants "deprived [him] of his liberty in violation of the . . . New Mexico Constitution." It is this claim which is the subject of Otero's motion to dismiss. The county argues that the right to bring an action against a public entity based on state constitutional violations was not clearly established in New Mexico law in October 1998, or indeed today, and thus, qualified immunity applies and renders this cause of action subject to dismissal.

### Section 1983 Claim Cannot Be Based on Violation of the State Constitution

Reynolds' complaint is not entirely clear on this point, but it should be noted that he cannot base his § 1983 claim on a violation of the New Mexico constitution. "To state a claim under 1983, a plaintiff must allege the violation of a right secured by federal statutory or constitutional law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988); Gallegos v. City and County of Denver, 984 F.2d 358, 362 (10th Cir. 1993). *See also,* Snyder v. Murray City Corp., 124 F.3d 1349, 1354 (10th Cir. 1997) (a right secured by the constitution of a State is considered a state-law claim), *rev'd on other grounds*, 159 F.3d 1227 (1998); Smith v. Avino, 866 F. Supp. 1399, 1401, n.4 (S.D. Fla. 1994) (claims based on violations of rights under the state constitution are not cognizable under § 1983); *accord*, Handley v. City of Seagoville, 798 F. Supp. 1267, 1271 (N.D.Tex. 1992); Schieb v. Humane Soc'y, 582 F. Supp. 717 (E.D. Mich. 1984).

### State Law Claims Under Supplemental Jurisdiction

Reynolds may, however, bring a claim under the state constitution pursuant to the supplemental jurisdiction provision of 28 U.S.C. § 1367(a). Clajon Prod. Corp. v. Petera, 854 F. Supp. 843, 846 (D. Wyo. 1994). It appears from the parties' briefing that this is what Reynolds intended when he alleged in his complaint that Defendants' actions violated his right to liberty under

the New Mexico Constitution.

In his complaint, Reynolds does not cite any particular provision of the state constitution, referring generally to liberty interests. In his response memorandum, he clarifies his allegations, stating that he intends to rely on Article II, sections 4 and 18. N.M. Const. art. II, § 18 provides, "No person shall be deprived of life, liberty or property without due process of law; nor shall any person be denied equal protection of the laws." N.M. Const. art II, § 4 provides that all persons "have certain natural, inherent and inalienable rights, among which are the rights of enjoying and defending life and liberty, of acquiring, possessing and protecting property, and of seeking and obtaining safety and happiness."

Again, Plaintiff's position is not entirely clear, but it appears from his briefing that he seeks to bring this supplemental state law claim either directly under the New Mexico Constitution or, alternatively, under the New Mexico Tort Claims Act, § 41-4-12, which provides for a waiver of sovereign immunity for personal injury resulting when law enforcement officers take certain enumerated actions, including the "deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico."

Reynolds' attempt to bring a state constitutional claim against a public entity or public employee cannot be done outside the structure of the New Mexico Tort Claims Act (NMTCA). Chavez v. City of Albuquerque, 124 N.M. 479, 482, 952 P.2d 474, 477 (Ct. App. 1997) ("Plaintiff may not seek damages from the City for violation of state constitutional rights unless immunity is waived under the Tort Claims Act"). Reynolds did not allege a cause of action under the NMTCA in his original nor his first amended complaint, and he now asks the Court to allow him to file a second amended complaint to bring such a claim. The Court declines to do so.

Reynolds made a similar request to amend his complaint, in response to an earlier motion to dismiss brought by a different Defendant and involving a different issue. (*See*, Doc. 11, Plaintiff's Response in Opposition to Lincoln County's Motion to Dismiss, at unnumbered pages 3-4). The Court allowed Reynolds to amend his complaint at that time although, as the Defendant pointed out, Reynolds failed to file a proper motion to amend and failed to attach a copy of the proposed amended complaint, as required by local rules. (*See*, Doc. 12, at 5-6). In making this new request to amend, Reynolds has again failed to follow the proper procedure for seeking leave of Court to file an amended complaint. He has not attached a copy of the proposed pleading, and although he asserts that "Plaintiff properly served notice of a claim under the New Mexico Trot [sic] Claims Act" and he refers to "Notice attached as Exhibit 'A'," (*see*, Doc. 27, at 5), no such exhibit is attached to his response memorandum.

Aside from the fact that Reynolds has not followed proper procedures, the Court can properly deny leave to amend, if the requested amendment would be futile. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); Bauchman v. West High School, 132 F.3d 542, 559 (10th Cir. 1997). An amendment to include a claim for violation of Reynolds' state constitutional rights by law enforcement officers would be futile, because it does not appear that New Mexico courts allow such claims. Even if there were an arguable case for allowing these claims, the Court would decline to accept supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(1), under which a federal court may decline jurisdiction over a supplemental state claim, if the claim "raises a novel or complex issue of State law." Because the Court finds that this claim is not cognizable under New Mexico law, it does not reach the qualified immunity arguments advanced by Otero.

As noted above, Reynolds relies on § 41-4-12 which, by its terms, waives sovereign immunity

4

for actions by law enforcement officers which violate rights secured by the state constitution. He argues that Defendants violated his rights under N.M. Const. art. II, §§ 4 and 18, and he may therefore sue law enforcement officers for these violations under § 41-4-12. However, the New Mexico courts have severely restricted, if not eliminated, the use of the Tort Claims Act to vindicate broad, general rights set forth in the state constitution.

The New Mexico Court of Appeals rejects the notion that art. II, §§ 4 provides the basis for a cause of action under § 41-4-12. Caillouette v. Hercules, Inc., 113 N.M. 492, 497, 827 P.2d 1306, 1311 (Ct. App. 1992):

> Plaintiff's reliance on . . . the state constitution is misplaced. If we were to base a waiver of sovereign immunity on these provisions, the exceptions thus created would eliminate the principle of sovereign immunity. We do not think that can have been the legislature's intent in enacting Section 41-4-12.

And in Lucero v. Salazar, 117 N.M. 803, 804, 877 P.2d 1106, 1107 (Ct. App. 1994), court of appeals held:

> The scope of the right to enjoy life and pursue happiness stated in Article II, Section 4 of the New Mexico Constitution, and whether violation of that section's provisions gives rise to a cause of action under the Tort Claims Act, has not been determined [by the New Mexico Supreme Court] . . . It is clear, however, that mere references [in art. II, § 4] to the right to enjoy life and to seek and obtain safety and happiness are not sufficient to serve as a basis for a waiver of immunity under Section 41-4-12.

Relying on Caillouette, a judge in this District rejected a claim under § 41-4-12 based on art. II, § 4 of the New Mexico constitution. Tafoya v. Bobroff, 865 F. Supp. 742, 747 (D.N.M. 1994). The Tenth Circuit affirmed this holding, citing the statement in Lucero v. Salazar that general references to liberty interests in the state constitution "are not sufficient to serve as a basis for a

5

waiver of immunity under Section 41-4-12." Tafoya v. Bobroff, 74 F.3d 1250 (Table, text in Westlaw), No. 94-2246, 1996 WL 15524 (10th Cir. Jan. 16, 1996).

In Blea v. City of Espanola, 117 N.M. 217, 221, 870 P.2d 755, 759 (Ct. App. 1994), the court of appeals again confirmed this principle, recognizing that although the right to liberty guaranteed by the state constitution is not to be taken lightly, nevertheless, Caillouette held that "[w]aiver of immunity based on . . . [art. II, § 4] would emasculate the immunity preserved in the Tort Claims Act." In addition, the court found that plaintiffs had not "clearly articulated a theory of waiver of immunity" under § 41-4-12 based on art. II, § 18. The court did note, however, that "we cannot say that such a theory might not exist," and it remanded to the trial court for a determination whether, under the facts of that case, an art. II, § 18 theory could be maintained. Blea, 117 N.M. at 222.

It is fairly clear, based on these cases, that the New Mexico courts are not amenable to claims under § 41-4-12 which rely on art. II, §§ 4 and 18, finding generally that the broad "liberty" language of these provisions is too vague a ground on which base a tort claim against law enforcement officers, and that reliance on these sections "would eliminate the principle of sovereign immunity." Caillouette, 113 N.M. at 497. The highest court of the state has not yet spoken on this issue, but the thrust of New Mexico cases is against the cause of action, and this Court, therefore, will not permit Reynolds to amend his complaint to bring in such a claim.

In addition, New Mexico law is sufficiently unsettled on the issue that this Court would decline to exercise supplemental jurisdiction over this state law claim under 28 U.S.C. § 1367(c)(1), even if Reynolds had included such a claim in his original complaint.

The Court will therefore exclude any claim in this action based on state constitutional provisions relating to the right to liberty. As the Court noted in its ruling on an earlier motion to

6

dismiss in this case (*see*, Doc. 17, at 3 n.1), only one Defendant brings this motion, but this analysis nevertheless applies equally to the other Defendants herein, and Plaintiff is therefore precluded from pursuing state constitutional claims against any Defendant.  Those claims will be dismissed.

Finally, it appears that Reynolds also asks to amend his complaint to allege a cause of action under the NMTCA based on specific acts by law enforcement officers, as enumerated in § 14-4-12 of the NMTCA, aside from any alleged violation of the state constitution by such officers.  Section 14-4-12 does provide redress for injuries resulting from false arrest, false imprisonment, or malicious prosecution by law enforcement officers, and such a cause of action would not be "futile."  However, as noted above, Reynolds has not filed a proper motion to amend, has not attached a copy of the proposed amended complaint, and has not demonstrated compliance with the notice requirements of the Tort Claims Act which is a necessary prerequisite for jurisdiction.  N.M.S.A. (1978) § 41-4-6.  The request is therefore denied.

IT IS THEREFORE ORDERED that Defendant Board of County Commissioners of the County of Otero's Motion to Dismiss State Constitutional Claims [Doc. 24] is granted, and the claims against all Defendants based on the New Mexico Constitution are hereby dismissed.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge