IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DION REYNOLDS,

        Plaintiff,

vs.                                                                   CIVIL NO.  00-168 LFG/RLP

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF OTERO, NEW
MEXICO; BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY
OF LINCOLN, NEW MEXICO; ALEX
HINSON, personally and in his capacity
as Lincoln County Deputy Sheriff's Officer;
and JOHN DOES 1-8,

        Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

THIS MATTER is before the Court on Plaintiff Dion Reynolds' ("Reynolds") December 11, 2000 Motion to Amend Complaint [Doc. 56]. Current Defendants oppose the motion. Oral argument is not necessary. This matter may be resolved based on the Court's review of its own records and on the parties' submissions.

**Standards for Amending Pleadings**

The Federal Rules of Civil Procedure, specifically Rules 15 and 7, govern the method of amending pleadings. The proposed amendment does not arise under that portion of the Rule authorizing a party to amend as a matter of right. See, e.g., Fed. R. Civ. P. 15(a).

When a proposed amendment cannot be filed as a matter of right and when opposing parties will not consent, as here, a motion may be filed with the court seeking leave to amend. In that circumstance, permission to amend rests within the sound discretion of the court. However, Rule

15(a) directs the court to grant leave to amend "when justice so requires," and, in practice, the burden is usually on the party opposing the amendment to demonstrate why the amendment should not be permitted. Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227 (1962); Viernow v. Euripides Dev. Corp., 157 F.3d 785, 799 (10th Cir. 1998)(while leave is generally granted, should court exercise its discretion and deny leave, court is required to offer reasons for the denial).

### Procedure for Amending Pleadings

In addition to Rule 15 which governs amendments, the Court is also required to consider Rule 7. This Rule governs the filing of motions and other papers, and provides that when a party submits a motion to amend, the "particularity" requirements of Rule 7(b) may require the party to attach to the motion a copy of the proposed amended pleading. In addition, local rules require that a motion to amend a pleading be accompanied by the proposed amended pleading. D.N.M.LR-Civ. 15.1. Here, Reynolds failed to attach a copy of his proposed amended complaint with his motion, and, indeed, Reynolds has yet to provide a copy of the proposed amendment to the Court.[1]

Reynolds' failure to strictly comply with the requirements of Rule 7 would be sufficient to simply deny his request. However, because the Court has reviewed the proposed Second Amended Complaint (see footnote 1), it will not base it ruling on Reynolds' non-compliance with Rule 7.

### Present Motion

The thrust of the Second Amended Complaint is to broaden the scope of Reynolds' theory of relief to encompass a Deputy District Attorney, Canon Stevens, and the Twelfth Judicial District Attorney's Office as party defendants.

---

[1] In Otero County's response in opposition to the motion to amend, Otero appended a copy of the Second Amended Complaint as part of its response. Thus, the Court has considered the Second Amended Complaint. But for this attachment, the Court would have been unable, altogether, to consider the amendment.

The allegations against both Stevens and the District Attorney's Office are scant and appear primarily in paragraph V of the First Cause of Action, which states:

> On or about October 27, 1998, Defendants Henson and Stevens, individually and as agents of Lincoln County Sheriff's Office and the Twelfth Judicial District Attorney's Office, acting under the color of law by virtue of their commissions and official positions, maliciously, unlawfully and without reasonable or probable cause, and without a warrant or any process issued by a Court of competent jurisdiction; conspired to institute criminal charges against Plaintiff unless he agreed to testify against members of his family. When Plaintiff refused, he was arrested and charged with two drug related felonies. Thereafter, Defendants incarcerated Plaintiff in the jail of Lincoln County and kept Plaintiff confined for a period in excess of forty five (45) days and engaged in a malicious and failed prosecution of Plaintiff when he refused to cooperate with Defendants' unlawful demand that he testify against his family.

Similarly, in paragraph VII, Reynolds contends:

> Defendant attempted to coerce Plaintiff into pleading guilty to a lesser charge or have criminal charges dismissed in return for Plaintiff providing inculpatory testimony against his uncle and other defendants who were the actual targets of the search warrant under execution at the time of Plaintiff's arrest.

Finally, in paragraph VIII, Reynolds contends:

> When Plaintiff refused to inculpate his family and friends and in furtherance of the conspiracy, Defendants procured a criminal information from the Twelfth Judicial District Attorney's Office charging Plaintiff with [various] crimes . . . .

### **Analysis of Motion**

Generally speaking, courts freely grant motions to amend early on during the course of litigation or whenever the interests of justice so require. However, the right to amend is not absolute and the Court must weigh countervailing interests. For example, a court has obligations under the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq* ("CJRA"). This Act was intended to alleviate the

dual problems of cost and delay in federal civil litigation. Judicial case management is an important step in eliminating delay and reducing costs. Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 110 S. Ct. 482 (1989). Indeed, studies on court delay conducted by the Federal Judicial Center show that courts with the least amount of delay characteristically keep stricter control of cases and imposition of reasonable court management deadlines. A recent study by the Federal Judicial Center concluded, "A court can handle its caseload rapidly only if it takes the initiative to require lawyers to complete their work in a timely fashion." Flanders, Steven, Case Management and Court Management in United States District Courts, 17 (Federal Judicial Center, 1977).

Thus, the Court must look at countervailing interests. On the one hand, courts should freely grant requests for leave to amend, but on the other hand, when there are countervailing interests, including delay and increased costs, the request for leave may properly be denied. Indeed, the Federal Civil Rules Handbook states:

> While, as a general rule, leave to amend may be granted freely in the interests of justice, the likelihood of obtaining permission to amend diminishes drastically after the court enters a scheduling order (with deadlines for amendments).

Baicker-McKee, Steven, Federal Civil Rules Handbook, p. 356 (2001).

Such is the case here. The parties agreed to impose a limit on amendments and adding new parties. The Attorneys' Provisional Discovery Plan filed September 12, 2000 [Doc. 34] provides, "Plaintiff should be allowed until November 9, 2000 to join additional parties and until November 9, 2000 to amend the pleadings."

The Attorneys' Provisional Discovery Plan was adopted by the Court's in the Initial Pretrial Report [Doc. 41]. Under the current scheduling order, all discovery closes on February 19, 2001,

4

the deadline for filing motion packages is March 28, 2001, and this case is set for trial on July 9, 2001. Allowing amendments now, and certainly allowing new parties, would mean that the current case management deadlines could not be enforced. As new parties are added, they would be entitled to engage in discovery and separate motion practice, and the deadline for discovery will run prior to the time the new defendants are even obligated to respond or to answer the complaint. Allowing the amendment, at this juncture, would mean that the case could not proceed to trial as scheduled. This delay would necessarily increase the costs of litigation for all parties. Thus, the two-pronged goals of the CJRA would be thwarted by allowing the amendment.

When a court has entered a Rule 16 pretrial scheduling order, it can properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under the court's order. See, e.g., In re Milk Products Antitrust Litigation, 195 F.3d 430, 437 (8th Cir. 1999), *cert. denied sub nom*, Rainy Lake One Stop, Inc. v. Marigold Foods, Inc., ____ U.S. ____, 120 S. Ct. 1534 (2000). See also Byrd v. Guess, 137 F.3d 1126, 1131-32 (9th Cir. 1998)(once the district court enters a scheduling order setting forth a deadline for the amendment of pleadings, modifications are allowed only upon a showing of "good cause").

Here, Reynolds fails to make any argument whatsoever as to why this proposed amendment could not have been filed within the time permitted by the Attorneys' Provisional Discovery Plan and scheduling order. Indeed, the motion to amend the complaint only states in paragraph 1 that Reynolds has determined that he will be unable to prove his case against a present defendant, Otero County, because it did not sufficiently supervise certain agents who were acting by virtue of an Otero County Deputy Sheriff's Commission. Reynolds contends that liability cannot be established against Otero County for these acts. (Motion to Amend Complaint, ¶ 1).

5

While this is an argument sufficient to dismiss Otero County as a defendant, nowhere in Reynolds' motion does he explain why new defendants are necessary or, more importantly, why they could not have been added as new parties by the deadline, November 9, 2001.

The same is true for the supporting memorandum. While Reynolds argues the general proposition under Rule 15 that leave should freely be given, he only states at the bottom of the memorandum that Otero County should be dismissed. Nowhere in the memorandum does Reynolds even mention the Deputy District Attorney or his proposed amendment to add the District Attorney's Office. Thus, Reynolds has not shown good cause in either his motion or memorandum to allow the amendment. Apart from Reynolds' failure to establish good cause for the amendment, a review of the file indicates that no such cause exists.

The parties' Initial Pretrial Report [Doc. 41] filed on October 2, 2000, shows that Reynolds was put on notice of the District Attorney's involvement. Indeed, Otero County's portion of the Initial Pretrial Report specifically refers to the prosecutorial decisions made by the Assistant District Attorney. See Initial Pretrial Report, "Defendant Lincoln County's Contentions," pp. 11 and 12 Moreover, the identity of the parties was known. This same Initial Pretrial Report specifically identifies Deputy District Attorney Canon Stevens as a witness of Reynolds. (See Initial Pretrial Report, "Plaintiff's Witnesses, Exhibits, and Experts," p. 14). Thus, Reynolds was aware from the outset of the District Attorney's involvement and of the identity of the Deputy District Attorneys involved in this case.

Reynolds has offered no argument or explanation as to why Reynolds waited several months before determining that additional parties should be added. "[W]e have often found untimeliness along a sufficient reason to deny leave to amend." Viernow, *supra*, at 799 (internal punctuation

6

omitted].

Finally, the Court determines that the amendment is inappropriate for additional reasons. First, the proposed defendant, District Attorney's Office, is not a proper defendant at all. The District Attorney's Office is not a separate legal entity subject to suit under New Mexico law. For example, when a police department is an integral part of a city government and is merely the vehicle through which the government fulfills its policing function, it may not be sued as a separate entity. Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985), *modified in part on other grounds*, 778 F.2d 553 (1986); *vacated and remanded on other grounds*, 475 U.S. 1138, 106 S. Ct. 1787 (1986), *vacated on other grounds*, 800 F.2d 230 (1986); see also Post v. City of Ft. Lauderdale, 750 F. Supp., 1131 (S.D. Fla. 1990); Williams v. Dayton Police Dept., 680 F. Supp. 1075, 1080 (S.D. Ohio 1987). The same is true for the District Attorney's Office. It is a part of state government and lacks a separate legal identity. N.M. Const. Art. VI, 524; Ward v. Romero, 17 N.M. 88, 125 P.617 (1912).

In addition to the foregoing, an amendment should not be allowed if it is futile. District attorneys are afforded both absolute and qualified immunity. Buckley v. Fitzsimmons, 509 U.S. 259, 272, 113 S. Ct. 2606, 2615 (1993); England v. Hendricks, 880 F.2d 281, 285 (10th Cir. 1989).

> [A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.

Buckley, 509 U.S. at 273. However, when a prosecutor functions as an administrator or in an investigative capacity, rather than as an officer of the court, he is entitled only to qualified immunity. Id.; Meade v. Grubbs, 841 F.2d 1512, 1532 (10th Cir. 1988). The allegations which Reynolds proposes to make against the District Attorney's Office include instituting criminal charges against

7

him, attempting to get him to plead guilty, and issuing a criminal information. *See*, Proposed Amended Complaint, ¶¶ V, VII, and VIII, quoted *supra*. These are clearly prosecutorial functions, and Reynolds' allegations come within the proscription of absolute immunity. A court need not allow an amendment when the amendment would be futile. Foman v. Davis, 371 U.S. at 182; Gohier v. Enright, 186 F.3d 1216 (10th Cir. 1999).

Finally, Reynolds may not proceed on this theory against the prosecutor under the New Mexico Tort Claims Act because a district attorney is not a law enforcement officer for whom immunity is waived. Coyazo v. State, 120 N.M. 47, 897, P.2d 234 (Ct. App. 1995).

For all the foregoing reasons, the Court determines that Reynolds' Motion to Amend Complaint is not well-taken and will be denied.

*[signature]*
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
J. Robert Beauvais, Esq.

ATTORNEYS FOR DEFENDANTS:
Luis E. Robles, Esq.
Stephen G. French, Esq.
Randy S. Bartell, Esq.